**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4794**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

KENDRICK MONTRELL COFIELD,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:09-cr-00048-BO-1)

Submitted:  September 15, 2011      Decided:  September 22, 2011

Before DUNCAN, DAVIS, and KEENAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Ann M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kendrick Montrell Cofield appeals his conviction following his conditional guilty plea to possession of a firearm by a convicted felon,[1] in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006). On appeal, Cofield argues that the North Carolina conviction forming the basis for his federal conviction was not punishable by more than one year in prison, and therefore he is not a convicted felon. We agree. Accordingly, we vacate the judgment and remand with directions that the indictment be dismissed.

We review de novo a district court's denial of a motion to dismiss the indictment where denial depends on a question of law. United States v. Hatcher, 560 F.3d 222, 224 (4th Cir. 2009). Section 922(g)(1) prohibits the possession of a firearm by any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1).

Cofield was charged and convicted consistent with our decision in United States v. Harp, 406 F.3d 242, 246-47 (4th Cir. 2005). We recently overruled Harp with our en banc decision in United States v. Simmons, __ F.3d __, 2011 WL

_____

[1] By entering a conditional guilty plea, Cofield preserved his right to appeal the district court's denial of his motion to dismiss his indictment.

2

3607266, at *3 (4th Cir. Aug. 17, 2011), in which we held that a North Carolina conviction may not be classified as a felony based upon the maximum aggravated sentence that could be imposed upon a repeat offender if the particular defendant was not eligible for such a sentence. Simmons, 2011 WL 3607266, at *8. As established by his state court judgment, Cofield was not eligible for a sentence that exceeded one year. Thus, under Simmons, Cofield's predicate North Carolina conviction was not for a crime punishable by more than one year in prison and thus cannot support his federal indictment.[2]

Accordingly, we vacate the judgment and remand with directions that the district court dismiss the indictment. The Clerk is directed to issue the mandate forthwith. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[2] We of course do not fault the Government or the district court for their reliance upon, and application of, unambiguous circuit authority at the time of Cofield's indictment and conviction.